LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM

2014 JAN 14 PM 3: 27

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) Criminal Case No. CF490-10 |
| | ) |
| vs. | ) DECISION AND ORDER: Defendant's |
| | ) Motion to Dismiss Superseding Indictment |
| | ) & Motion to Stay Proceedings |
| ALVIN GERARD SAN NICOLAS, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 9, 2014, on Alvin Gerard San Nicolas' ("Defendant") Motion to Dismiss Superseding Indictment. Defendant was represented by Assistant Public Defender Pablo M. Aglubat. The People of Guam ("the People") opposed Defendant's motion. The People were represented by Assistant Attorney General Brian D. Gallagher. Upon review of the arguments and legal authorities presented by the parties, the Court orally **DENIED** Defendant's motion. The Court now reduces to writing its earlier ruling at the request of the Defendant.

## BACKGROUND

The instant case was remanded to this Court following an opinion issued by the Supreme Court of Guam on November 5, 2013. Upon receiving the opinion, this Court immediately set further proceedings on November 7, 2013, consistent with the appellate court's opinion, and in light of the Defendant's continued incarceration. On November 7, 2013, the Defendant asserted his right to a speedy trial. Thereafter, this Court issued its Scheduling Order setting jury selection and trial for December 20, 2013, at 1:30 p.m.

CF490-10: People v. Alvin G. San Nicolas
Page | 1

*ORIGINAL*

On November 12, 2013, a Superior Court of Guam Grand Jury returned a Superseding Indictment against the Defendant. The mandate from the Supreme Court of Guam relative to its November 5, 2013 opinion was issued on November 29, 2013. On December 4, 2013, Defendant was arraigned on the Superseding Indictment. Jury selection commenced on December 23, 2013 and continued until a jury panel was selected. A jury of twelve and four alternates were empanelled on January 2, 2014.

## DISCUSSION

Defendant moves this Court to dismiss the Superseding Indictment. Defendant argues that the Court is without jurisdiction of this case because the Superseding Indictment was returned before the Supreme Court of Guam issued its mandate herein. Defendant misplaces the Court's earlier ruling and reasoning in Defendant's motion to dismiss the case for violating his statutory speedy trial right. Defendant contends that this Court "reasoned that it did not have jurisdiction of the case until the issuance of the mandate, and so, the only valid assertion of speedy trial was the one made after the issuance of the mandate." Def.'s Mot. to Dismiss Superseding Indictment at 1-2 (Jan. 8, 2014).

The People opposed Defendant's motion and argued that Court rules require that any challenges based on defects in the indictment must be raised prior to trial. "Even if defendant's argument is correct, and the indictment is null without the mandate, it would gain full legal standing once the mandate was issued. A cause of action cannot be quashed so easily." People's Opp'n. at 2 (Jan. 9, 2014).

The Court notes that Defendant remains in custody and has asserted his right to a speedy trial. At every possible stage, this Court has ensured that Defendant be brought to trial within the time prescribed in Guam law. In its earlier ruling DENYING Defendant's Motion to

Dismiss for Violation of Speedy Trial, the Court made clear that it adopted the earlier of the assertion dates even without the mandate from the Supreme Court of Guam, because the Court was conscious of Defendant's continued incarceration and his assertion. On that basis, the Court recognized the earlier of the two dates, but only pointed out to counsel that the mandate had yet been received when he already asserted. Nevertheless, Defendant maintained his assertion on December 4, 2013, when he was arraigned and after the mandate had been received. The Court has been steadfast in bringing this matter to trial. Conversely, Defendant has filed motions to stay the matter, which was ultimately DENIED by the Supreme Court of Guam.

The Court finds that case law cited by Defendant on the jurisdictional issue has a split view. "It is true that the Supreme Court has called into question whether the law of the case doctrine is jurisdictional. The Court has stated "[t]he law of the case doctrine ... simply 'expresses' common judicial 'practice:' it does not 'limit' the courts' power." *Castro v. United States*, 540 U.S. 375, 384, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). With the case at bar, Defendant asserted twice and the Court does not find it lacked jurisdictional basis pending receipt of the mandate. Defendant was still arraigned at a time after the mandate was received by this Court, and jurisdiction was never challenged. On this basis, the Court DENIES Defendant's Dismiss Superseding Indictment.

**Motion for Stay**

The Court also DENIES Defendant's Motion to Stay Proceedings, as both sides had rested and the pending Petition for Writ of Mandate before the Supreme Court of Guam allows this Court to proceed.

CF490-10: People v. Alvin G. San Nicolas
Page | 3

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss Superseding Indictment and Motion to Stay Proceedings.

**SO ORDERED NUNC PRO TUNC, to January 9, 2014** this _14_ day of JANUARY, 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

I acknowledge that a copy of the original hereto was placed in the ___ of:

PXSC/AG

JAN 1 4 2014  Time: 330 pm

Deputy Clerk, Superior Court of Guam

JAN 1 4 2014